UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| FARM FRESH FIRST, LLC,<br><br>         Plaintiff,<br><br>- against -<br><br>CHERIBUNDI, INC.,<br>NEW AMERICAN CONSUMER FUND, L.P.,<br>EMIL CAPITAL PARTNERS, LLC,<br>ECP ACQUISITION CAPITAL, L.P.,<br>STEVEN MICHAEL PEAR,<br>JOHN RONALD HAGAN, JR. a/k/a MIKE HAGAN<br>and MARCEL ANAND BENS,<br><br>         Defendants. | Case No. 3:23-cv-281<br><br><br><br><br><br>March 2, 2023 |

**COMPLAINT**

Plaintiff Farm Fresh First, LLC ("Plaintiff" or "FFF"), by and through undersigned counsel, as and for its complaint against defendants Cheribundi, Inc. ("Cheribundi"), New American Consumer Fund, L.P. ("NACF"), Emil Capital Partners, LLC ("ECP"), ECP Acquisition Capital, L.P. ("ECPAC"), Steven Michael Pear ("Pear"), John Ronald Hagan, Jr. also known as Mike Hagan ("Hagan") and Marcel Anand Bens ("Bens") (Cheribundi, NACF, ECP, ECPAC, Pear, Hagan and Bens collectively, "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) ("PACA") and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over Plaintiff's non-PACA claims pursuant to 28 U.S.C. § 1367.

- 1 -

3. Venue in this district is based on 28 U.S.C. § 1391 in that some of the Defendants reside in this district.

## PARTIES

4. Plaintiff is a New York limited liability company having a principal place of business in Pittsford, New York, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer, holding PACA license number 20070922.

5. Defendant Cheribundi is a Delaware corporation having its principal place of business in Stamford, Connecticut, engaged in the business of buying wholesale quantities of produce in interstate commerce, and is subject to, and was formerly licensed under, the provisions of PACA as a dealer, holding PACA license number 20060836.

6. Defendant NACF is a Delaware limited partnership having its principal place of business in Greenwich, Connecticut, was an equity holder of Cheribundi during the period of time in question and is and was in a position of control over the PACA trust assets, or participated in dissipating the PACA trust assets, belonging to Plaintiff.

7. Defendant ECP is a Delaware limited liability company having its principal place of business in Greenwich, Connecticut, was an equity holder of Cheribundi during the period of time in question and is and was in a position of control over the PACA trust assets, or participated in dissipating the PACA trust assets, belonging to Plaintiff.

8. Defendant ECPAC is a Delaware limited partnership having its principal place of business in Greenwich, Connecticut, was an equity holder of Cheribundi during the period of time in question and is and was in a position of control over the PACA trust assets, or participated in dissipating the PACA trust assets, belonging to Plaintiff.

9. Defendant Pear was an officer, director and/or equity holder of Cheribundi during the period of time in question and was in a position of control over the PACA trust assets, or participated in dissipating the PACA trust assets, belonging to Plaintiff.

10. Defendant Hagan was an officer, director and/or equity holder of Cheribundi during the period of time in question and was in a position of control over the PACA trust assets, or participated in dissipating the PACA trust assets, belonging to Plaintiff.

11. Defendant Bens is and was an officer, director and/or equity holder of Cheribundi during the period of time in question and is and was in a position of control over the PACA trust assets, or participated in dissipating the PACA trust assets, belonging to Plaintiff.

## **GENERAL ALLEGATIONS**

12. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

13. On or about August 22, 2018, Plaintiff entered into a written agreement (the "Agreement") with Cheribundi pursuant to which Cheribundi agreed to purchase 23,346,400 pounds of Montmorency cherries, 1,262,800 pounds of Balaton cherries (the "Cherries") and 200,000 gallons of NFC Morello Type Imported Frozen Juice (the "Juice").

14. The price for the Cherries sold to Cheribundi was $0.44 per pound for the Montmorency cherries and $0.63 for the Balaton cherries, inclusive of the fruit, barrel, liner pallet, first month's storage and handling and storage for empty barrels. The price for the Juice was $6.90 per gallon.

15. The Agreement provides in relevant part that a carrying charge of $0.01 per pound per month will be added to all shipments starting September 1, 2018. In addition, payment is due fifteen days from the date each invoice was issued to Cheribundi. In the event any invoice is not

paid within 45 days, interest will accrue on that invoice at the rate of 10% per year, increasing to 18% per year if the invoice remains unpaid after 90 days.

16.     Between January 13, 2019 and November 14, 2021, and pursuant to the Agreement, FFF delivered into Cheribundi's possession wholesale quantities of Cherries and Juice that had been shipped in interstate commerce or contemplation thereof having an agreed upon principal value of $7,626,815.20, of which $4,495,791.07 remains due and owing and $3,617,635.67 of which is entitled to protection under PACA.

17.     Defendants have failed to pay for the Cherries and Juice when payment was due, despite repeated demands, and presently owe Plaintiff the principal amount of $4,495,791.07, plus accrued interest.

18.     At the time of Defendants' receipt of the Cherries, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured with such funds, in the possession or control of Defendants since the creation of the trust.

19.     Plaintiff preserved its interest in the PACA trust by issuing invoices to Defendants for each transaction which contain the statutory language required by 7 U.S.C. § 499e(c)(4). Plaintiff remains a beneficiary of the PACA trust until full payment is made for the Cherries.

20.     Since no later than September 1, 2019, Defendants have repeatedly acknowledged lacking sufficient liquidity to pay Cheribundi's outstanding invoices to Plaintiff.

21.     In January, 2023, Bens and others acting on behalf of, or at the direction of, NACF, ECP and ECPAC (collectively, the "Private Equity Defendants"), began encouraging FFF to convert Cheribundi's debt to Plaintiff to equity in a third-party entity.  The Private Equity

Defendants have been negotiating a transfer of all or substantially all of Cheribundi's assets to the third-party entity and have said that it is their intention to affect a transfer of Cheribundi's assets in early March.

22.   Defendants' failure, refusal, and inability to pay Plaintiff, coupled with Defendants' efforts to transfer Cheribundi's assets to a third party, demonstrates that Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are actively dissipating trust assets.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Injunctive Relief)

23.   Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 22 above as if fully set forth herein.

24.   Defendants' failure to make payment to Plaintiff of trust funds in the principal amount of $3,617,635.67 from the statutory trust is a violation of PACA and PACA regulations and is unlawful.

25.   Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Make Prompt Payment of Trust Funds)

26.   Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 25 above as if fully set forth herein.

27.   Defendants received each of the Cherry shipments on which this action is based.

28. Defendants are required to promptly tender to Plaintiff full payment for those shipments pursuant to PACA.

29. Defendants failed and refused to pay for the Cherries supplied by Plaintiff within the payment terms agreed to between the Parties.

30. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the principal amount of $3,617,635.67, plus interest from the date each invoice became past due.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST CHERIBUNDI
(Breach of Contract)

31. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

32. Plaintiff supplied Cheribundi with the Cherries and the Juice in the quality, condition, volumes and time period specified in the Agreement.

33. Cheribundi took delivery of the Cherries and Juice without dispute.

34. Cheribundi received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

35. Plaintiff's invoices to Cheribundi constitute valid and enforceable agreements between the Parties.

36. Cheribundi breached the terms of the Agreement and invoices by failing to timely remit payment for the goods it received from Plaintiff.

37. Plaintiff has performed all the duties, obligations and conditions precedent on its part to be performed under the Agreement and invoices.

38. As a direct and proximate result of the breach of contract by Cheribundi, Plaintiff has suffered damages in the principal amount of $4,495,791.07 plus interest from the date each invoice became past due.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST CHERIBUNDI
(Failure to Pay For Goods Sold)

39. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 38 above as if fully set forth herein.

40. Cheribundi failed and refused to pay Plaintiff the amount of $4,495,791.07 owed to Plaintiff for goods received by Cheribundi from Plaintiff.

41. As a direct and proximate result of the failure of Cheribundi to pay promptly, Plaintiff has incurred damages in the principal amount of $4,495,791.07, plus interest.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST PEAR
(Unlawful Dissipation of Trust Assets by a Fiduciary)

42. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 41 above as if fully set forth herein.

43. Defendant Pear was an officer, manager and/or equity holder who operated Cheribundi during a portion of the relevant time period and, upon information and belief, was in a position of control over the PACA trust assets belonging to Plaintiff.

44. Defendant Pear failed to direct Cheribundi to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the Cherries it supplied.

45. Defendant Pear knew or should have known that at all relevant times Cheribundi was in breach of the PACA trust.

46. Defendant Pear's failure to direct Cheribundi to maintain PACA trust assets and pay Plaintiff for the Cherries it supplied was an unlawful dissipation of trust assets by a corporate official.

47. Defendant Pear participated in or facilitated Cheribundi's breach of the PACA trust.

48. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST HAGAN
(Unlawful Dissipation of Trust Assets by a Fiduciary)

49. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 48 above as if fully set forth herein.

50. Defendant Hagan was an officer, manager and/or equity holder who operated Cheribundi during a portion of the relevant time period and, upon information and belief, was in a position of control over the PACA trust assets belonging to Plaintiff.

51. Defendant Hagan failed to direct Cheribundi to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the Cherries it supplied.

52. Defendant Hagan knew or should have known that at all relevant times Cheribundi was in breach of the PACA trust.

53. Defendant Hagan's failure to direct Cheribundi to maintain PACA trust assets and pay Plaintiff for the Cherries it supplied was an unlawful dissipation of trust assets by a corporate official.

54. Defendant Hagan participated in or facilitated Cheribundi's breach of the PACA trust.

55. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST BENS
(Unlawful Dissipation of Trust Assets by a Fiduciary)

56. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 55 above as if fully set forth herein.

57. Defendant Bens is and was an officer, manager and/or equity holder who operated Cheribundi during a portion of the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

58. Defendant Bens failed to direct Cheribundi to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the Cherries it supplied.

59. Defendant Bens knew or should have known that at all relevant times Cheribundi was in breach of the PACA trust.

60. Defendant Bens' failure to direct Cheribundi to maintain PACA trust assets and pay Plaintiff for the Cherries it supplied was an unlawful dissipation of trust assets by a corporate official.

61. Defendant Bens participated in or facilitated Cheribundi's breach of the PACA trust.

62. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

//

//

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST NACF
(Unlawful Dissipation of Trust Assets by a Fiduciary)

63. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 62 above as if fully set forth herein.

64. Defendant NACF is and was an equity holder who participated in the operation of, and making financial decisions for, Cheribundi during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

65. Defendant NACF failed to direct Cheribundi to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the Cherries it supplied.

66. Defendant NACF knew or should have known that at all relevant times Cheribundi was in breach of the PACA trust.

67. Defendant NACF's failure to direct Cheribundi to maintain PACA trust assets and pay Plaintiff for the Cherries it supplied was an unlawful dissipation of trust assets by an entity in a position to control trust assets.

68. Defendant NACF participated in or facilitated Cheribundi's breach of the PACA trust.

69. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

//
//
//

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST ECP
(Unlawful Dissipation of Trust Assets by a Fiduciary)

70. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 69 above as if fully set forth herein.

71. Defendant ECP is and was an equity holder who participated in the operation of, and making financial decisions for, Cheribundi during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

72. Defendant ECP failed to direct Cheribundi to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the Cherries it supplied.

73. Defendant ECP knew or should have known that at all relevant times Cheribundi was in breach of the PACA trust.

74. Defendant ECP's failure to direct Cheribundi to maintain PACA trust assets and pay Plaintiff for the Cherries it supplied was an unlawful dissipation of trust assets by an entity in a position to control trust assets.

75. Defendant ECP participated in or facilitated Cheribundi's breach of the PACA trust.

76. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

## AS AND FOR A TENTH CAUSE OF ACTION AGAINST ECPAC
(Unlawful Dissipation of Trust Assets by a Fiduciary)

77. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 76 above as if fully set forth herein.

78. Defendant ECPAC is and was an equity holder who participated in the operation of, and making financial decisions for, Cheribundi during the relevant time period and, upon

information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

79. Defendant ECPAC failed to direct Cheribundi to fulfill its statutory duties to preserve PACA trust assets and pay Plaintiff for the Cherries it supplied.

80. Defendant ECPAC knew or should have known that at all relevant times Cheribundi was in breach of the PACA trust.

81. Defendant ECPAC's failure to direct Cheribundi to maintain PACA trust assets and pay Plaintiff for the Cherries it supplied was an unlawful dissipation of trust assets by an entity in a position to control trust assets.

82. Defendant ECPAC participated in or facilitated Cheribundi's breach of the PACA trust.

83. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION
AGAINST THE PRIVATE EQUITY DEFENDANTS**
(Unlawful Receipt and Retention of Trust Assets)

84. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 83 above as if fully set forth herein.

85. Upon information and belief, at some time prior to or during the relevant time period one or more of the Private Equity Defendants entered into one or more agreements to lend money to Cheribundi (collectively, the "Loan Agreements").

86. Pursuant to the Loan Agreements, the Private Equity Defendants are granted certain rights with respect to the management and operation of Cheribundi, such as the right to review

Cheribundi's financial statements, observe meetings of Cheribundi's board of directors, and generally monitor the nature and status of Cheribundi's operations and financial conditions.

87. Upon information and belief, the Loan Agreements provide that under certain circumstances, the Private Equity Defendants have the right to participate in making decisions regarding how Cheribundi conducts its business, including what debts should be paid, in what amounts and at what times.

88. Upon information and belief, the Loan Agreements provide that under certain circumstances, the Private Equity Defendants have the right to direct Cheribundi to pay monies to the Private Equity Defendants.

89. Upon information and belief, the Private Equity Defendants directed Cheribundi to pay monies to the Private Equity Defendants during the relevant time period.

90. The monies paid to the Private Equity Defendants consisted of PACA trust assets.

91. The payments received by the Private Equity Defendants were made in breach of the PACA trust.

92. The Private Equity Defendants continue to hold any and all PACA trust assets having come into their possession as trustee for Plaintiff.

93. As a direct and proximate result of the Private Equity Defendants retaining PACA trust assets without delivery to Plaintiff, Plaintiff has been damaged in an amount to be determined at trial in this matter.

**AS AND FOR A TWELFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Violation of Connecticut Unfair Trade Practices Act)

94. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 93 above as if fully set forth herein.

95. The Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, et seq. ("CUTPA"), makes it unlawful for any person to engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. CUTPA § 42-110b.

96. In promulgating PACA, Congress declared that its intent was to protect the public interest and to remedy the burden on commerce caused by receivers who do not pay for produce. 7 U.S.C. § 499e(c)(1).

97. Defendants breached their fiduciary duty to preserve PACA trust assets for Plaintiff's benefit when they allowed trust assets in Cheribundi's possession to be used for purposes other than paying Plaintiff.

98. Defendants' breach of their fiduciary obligations to Plaintiff was a violation of PACA.

99. Defendants' breach of their fiduciary obligations to Plaintiff constitutes an offense against the public interest in ensuring prompt payment is received by produce suppliers, and thus constitutes unfair acts and practices pursuant to Conn. Gen. Stat. § 42-110b(a).

100. Plaintiff has suffered an ascertainable loss of money or property.

101. Plaintiff continues to suffer substantial financial injury as a direct and proximate result of Defendants' breach of their fiduciary duties to Plaintiff.

102. Defendants' conduct, which constitutes a violation of CUTPA, entitles Plaintiff to recover compensatory damages, punitive damages, court costs and reasonable attorneys' fees.

**AS AND FOR A THIRTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Accrued Interest)

103. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 102 above as if fully set forth herein.

104.  PACA and the Agreement entitle Plaintiff to recover pre-judgment on any balance due from Defendants.

105.  More than ninety days have passed since Plaintiff's invoices to Cheribundi became due.

106.  As a result of Defendants' continued failure to make full payment promptly in the principal amount of $4,495,791.07, interest has accrued at the rate of 18% per year from the date each invoice was issued through and including the date of entry of judgment against Defendants.

**WHEREFORE**, Plaintiff requests the following relief:

A.  On the first cause of action, preliminary and permanent injunction enjoining and restraining Defendants and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties;

B.  On the second cause of action, judgment in favor of Plaintiff and against all Defendants, jointly and severally, in the principal amount of $3,617,635.67 plus interest from the date each invoice became past due, under the trust provisions of PACA;

C.  On the third cause of action, judgment in favor of Plaintiff and against Cheribundi in the principal amount of $3,617,635.67, plus interest from the date each invoice became past due;

D.  On the fourth cause of action, judgment in favor of Plaintiff and against Cheribundi in the principal amount of $4,495,791.07, plus interest;

E.  On the fifth cause of action, judgment in favor of Plaintiff and against Pear in the principal amount of $3,617,635.67, plus interest from the date each invoice became past due, under the trust provisions of PACA;

F.  On the sixth cause of action, judgment in favor of Plaintiff and against Hagan in the principal amount of $3,617,635.67, plus interest from the date each invoice became past due, under

the trust provisions of PACA;

  G. On the seventh cause of action, judgment in favor of Plaintiff and against Bens in the principal amount of $3,617,635.67, plus interest from the date each invoice became past due, under the trust provisions of PACA;

  H. On the eighth cause of action, judgment in favor of Plaintiff and against NACF in the principal amount of $3,617,635.67, plus interest from the date each invoice became past due, under the trust provisions of PACA;

  I. On the ninth cause of action, judgment in favor of Plaintiff and against ECP in the principal amount of $3,617,635.67, plus interest from the date each invoice became past due, under the trust provisions of PACA;

  J. On the tenth cause of action, judgment in favor of Plaintiff and against ECPAC in the principal amount of $3,617,635.67, plus interest from the date each invoice became past due, under the trust provisions of PACA;

  K. On the eleventh cause of action, judgment in favor of Plaintiff and against the Private Equity Defendants, jointly and severally, under the trust provisions of PACA, in an amount to be determined at the trial in this matter;

  L. On the twelfth cause of action, judgment in favor of Plaintiff and against Defendants, jointly and severally, under CUTPA, for compensatory damages, punitive damages, court costs and reasonable attorneys' fees;

  M. On the thirteenth cause of action, judgment against all Defendants, jointly and severally, for pre-judgment interest; and

//

//

N.      Such other and further relief as the Court deems just and proper.

                    Respectfully submitted,
                    **FARM FRESH FIRST, LLC**

By:    /s/ *Kevin M. Smith*
        Kevin M. Smith (ct24774)
        WIGGIN AND DANA LLP
        One Century Tower
        P.O. Box 1832
        New Haven CT 06508-1832
        Tel. (203) 498-4400
        Fax (203)782-2889
        ksmith@wiggin.com

        - and -

        Gregory Brown (*pro hac vice* pending)
        MCCARRON & DIESS
        200 Broadhollow Road, Suite 207
        Melville, New York 11747
        Tel: (631) 425-8110
        gbrown@mccarronlaw.com

        *Attorneys for Plaintiff*