UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FARM FRESH FIRST,<br>    *Plaintiff*, | : <br> : <br> : | |
| v. | : <br> : | Civil No. 3:23-CV-281 (OAW) |
| CHERIBUNDI, INC., ET AL,<br>    *Defendants*. | : <br> : | |

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

Farm Fresh First ("FFF" or "Plaintiff") has filed an ex-parte Motion for Temporary Restraining Order, pursuant to FRCP Rule 65(b), in this case brought pursuant to the Perishable Agricultural Commodities Act, 1930, as amended ("PACA"), 7 U.S.C. § 499e, *et seq.* Specifically, Plaintiff alleges that Defendants Cheribundi, Inc. ("Cheribundi"), Steven Michael Pear ("Mr. Pear"), John Ronald Hagan, Jr. a/k/a Mike Hagan ("Mr. Hagan"), Marcel Andan Bens ("Mr. Bens"), New American Consumer Fund, L.P. ("NACF"), Emil Capital Partners LLC ("ECP"), ECP Acquisition Capital, L.P. ("ECPAC") (collectively "Defendants"), have failed to make payments pursuant to PACA's trust provisions. ECF No. 1 at ¶ 24. In its motion, Plaintiff seeks an order, without prior notice to Defendant, "enforcing the statutory trust established by Section 5(c) of the [PACA], 7 U.S.C. § 499e(c) . . . , by restraining the transfer of any and all assets of . . . Cheribundi . . . up to the sum of $3,627,881.92, except for payment to Plaintiff . . . ." ECF No. 4 at 1. For the reasons hereinafter set forth, Plaintiff's motion is **GRANTED** and Defendants hereby are ordered to show cause on **March 15, 2023,** why the relief sought in Plaintiff's Motion for a Preliminary Injunction, ECF No. 5, should not be granted.

1

Federal Rule of Civil Procedure 65(b) provides that this court may grant a Temporary Restraining Order without prior notice to the adverse party when:

> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

In support of its ex-parte Motion, FFF submits the Declaration of its President, Thomas Facer ("Mr. Facer"). ECF No. 4-2. In his affidavit, Mr. Facer states that FFF is in the business of selling wholesale produce, and that "[i]t is a produce dealer subject to and licensed under the [PACA]", *id.* ¶ 4. In 2018, it entered into an agreement with Cheribundi for the sale of such produce. *Id.* ¶ 11. Mr. Facer states that Cheribundi held a license as a PACA dealer, but that even after termination of its license, "it remained subject to PACA because it regularly received multiple pallets of produce from FFF." *Id.* ¶ 5. Mr. Facer identifies Defendants NACF, ECP and ECPAC as private equity investors (collectively, "Private Equity Defendants"), *id.* ¶ 8, and the individual defendants as either current or former chief executive officers of Cheribundi. *Id.* ¶¶ 6—7. Mr. Facer confirms that the terms of the parties' written agreement render them subject to PACA, and to its trust provisions. *Id.* ¶ 13. Further, he notes that "Plaintiff preserved its interest in the PACA trust in the amount of $3,617,635.67[,] by timely delivering invoices to Defendants which contained the language required under Section 5(c)(4) of the PACA, 7 U.S.C. §§ 499e(c)(4)." *Id.* ¶ 15 (citing Invoices, Ex. D, ECF No. 4-6). Despite FFF's efforts, it has been unable to collect sums due and owing under the terms of its contract with Cheribundi. *Id.* ¶ 17. Based on information available to him, Mr. Facer states that he

"can only conclude that Cheribundi has dissipated the PACA trust assets in its possession." *Id.* ¶ 16.  According to Mr. Facer,

> It seems that Cheribundi is now in a dire financial condition.  Over the last several weeks, the Private Equity Defendants and Bens have repeatedly approached me about converting all or a portion of the debt to equity in Cheribundi.  They've also asked that FFF forgive the substantial interest that has accrued on the debt.  It seems the Private Equity Defendants want to transfer Cheribundi's assets to another beverage company in their portfolio.  Based on the many emails I've received from the Private Equity Defendants and Bens over the past few weeks, they hope to consummate a transfer of all or substantially all of Cheribundi's assets by early March.  It does not appear that the defendants have any plan to pay FFF or satisfy Cheribundi's PACA obligations to FFF as part of the proposed transfer.

*Id.* ¶ 18.  Mr. Facer further states that if Cheribundi liquidates its assets, all of which are PACA trust assets, "FFF's PACA trust rights will be rendered meaningless."  *Id.* ¶ 19.  He "has no doubt that unless this court grants Plaintiff's motion for injunctive relief, [D]efendants will liquidate Cheribundi's assets to enrich the Private Equity Defendants without making the required cash payments to FFF."  *Id.* ¶ 19.

Based on Plaintiff's submissions, including Mr. Facer's declaration, *id.* at 1—6, and counsel's certification in support of emergency injunctive relief, ECF No 4-7, the court concludes that FFF will suffer "immediate and irreparable injury, loss, or damage . . . before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b).  Specifically, the court finds that FFF will suffer such injury as a result of Defendants' dissipation of assets in the PACA trust, 7 U.S.C. § 499e(c), and that in the absence of the requested injunction, FFF will continue to suffer such injury.  Further, the court concludes that notification to Defendants of the requested injunction will threaten further dissipation of trust assets.  See Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154, 159 (11th Cir. 1990) ("The legislative history noted that once the trust is dissipated it is almost impossible for a

beneficiary to obtain recovery" (citing H.Rep. No. 543, 98th Cong., 2d Sess. 4, *reprinted in* 1984 U.S.Code Cong. & Admin.News 405, 411).

Based on the foregoing, **IT HEREBY IS ORDERED:**

1. Defendants, Cheribundi Inc., Steven Michael Pear, John Ronald Hagan, Jr. a/k/a Mike Hagan, Marcel Andan Bens, New American Consumer Fund, L.P., Emil Capital Partners LLC, ECP Acquisition Capital, L.P., their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, are temporary enjoined and restrained from alienating, dissipating, paying over or assigning any assets subject to the PACA trust (and to the regulations promulgated thereunder), of Cheribundi Inc. or its subsidiaries or related companies, except for payment to Plaintiff, until further order of this court or until Defendants pay Plaintiff the amount of $3,617,635.67 by bank check or wire transfer, at which time this Order is dissolved;

2. In the event Defendants fail to pay Plaintiff the amount of $3,617,635.67 by bank check or wire transfer within two business days of service of this Order, then Defendants shall file with this court, together with a copy to Plaintiff's counsel, an accounting that identifies the assets, liabilities, and accounts receivable reports of Cheribundi, Inc., signed under penalty of perjury, and Defendants also shall supply to Plaintiff's attorney, within five days of the date of this Order, any and all documents in their possession, custody, or control related to the assets and liabilities of Cheribundi, Inc. and its related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records, and income tax returns and bank statements with cancelled checks for the last 90 days;

3.      Bond shall be waived in view of Defendants now holding $3,617,635.67 worth of Plaintiff's assets;

4.      Service of a copy of this order and the papers upon which it is based, together with the summons and complaint, by Federal Express or by other nationally-recognized overnight delivery service upon the defendants on or before **March 8, 2023,** shall be deemed good and sufficient service thereof;

5.      The above-named Defendants shall show cause before this court in the North Courtroom, 450 Main Street, Hartford, Connecticut, on **March 15, 2023, at 10:00 A.M.,** why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure, preliminarily enjoining them, their customers, agents, officers, subsidiaries, assigns, banking institutions and related entities, from alienating, dissipating, paying over or assigning any assets of Cheribundi, Inc. or its subsidiaries or related companies, except for payment to Plaintiff, as heretofore set forth, until further order of this court; and

6.      Defendants shall file their opposition papers to Plaintiff's Motion for Preliminary Injunction, ECF No. 5, on or before **March 13, 2023.**

**IT IS SO ORDERED** this 6th day of March, 2023, at Hartford, Connecticut.

>                    /s/
>        OMAR A. WILLIAMS
>        UNITED STATES DISTRICT JUDGE